UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK MCPHERRON,<br>      Petitioner,<br><br>      v.<br><br>HOGAN,<br>      Respondent. | No. 3:15-cv-1316 (SRU) |

## ORDER

Patrick McPherron, who is currently confined at State Correctional Institution Mahanoy in Frackville, Pennsylvania, filed this petition under 28 U.S.C. § 2254 for a writ of habeas corpus. A writ of habeas corpus must be directed to the "custodian" of a detainee. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause[,] shall be directed to the person having custody of the person detained."). The "custodian" of the detainee is the official in charge of the facility that has day-to-day control over him and can "produce the actual body." *See Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); *see also Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986). That custodian, therefore, is the warden at the facility where the petitioner is confined, because a "prisoner . . . is under the control of a warden and confined in a prison, and . . . is seeking, in a habeas corpus action, to be released from precisely that form of confinement." *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

This court does not have personal jurisdiction over the warden of SCI Mahanoy, because the warden of a facility in Pennsylvania cannot be served with process (and therefore cannot be served with a writ of habeas corpus) in the state of Connecticut. No writ may issue where there is no personal jurisdiction over the custodian. Accordingly, this case is dismissed without prejudice to re-filing in the Middle District of Pennsylvania.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of September 2015.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge