UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK MCPHERRON,<br>    Petitioner,<br><br>    v.<br><br>HOGAN,<br>    Respondent. | No. 3:15-cv-1316 (SRU) |

## ORDER

On September 11, 2015, I denied Patrick McPherron's petition for a writ of habeas corpus under 28 U.S.C. § 2254, because this court does not have personal jurisdiction over the warden of the facility where he is currently incarcerated (doc. # 5). Because my ruling was limited to the issue of personal jurisdiction in Connecticut, I denied the petition without prejudice to re-filing in the Middle District of Pennsylvania. On September 21, McPherron filed a brief motion seeking reconsideration of that ruling (doc. # 8).

The standard for granting motions for reconsideration is strict: such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* §

4478). None of those grounds is present. McPherron cites the Full Faith and Credit Clause of the U.S. Constitution and reiterates his contention that his treatment by the Commonwealth of Pennsylvania has been improper, but he does not address the single issue decided in the ruling he seeks to have reconsidered: that this court does not have personal jurisdiction over the warden of a facility in Pennsylvania and cannot lawfully subject that warden to service of a writ of habeas corpus. McPherron's motion for reconsideration is therefore denied. McPherron may seek a writ of habeas corpus in the Middle District of Pennsylvania, but not in the District of Connecticut.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of October 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge